ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CASCADE FUNDING MORTGAGE TRUST HB2<br><br>Parte Recurrida<br><br><br>v.<br><br><br>SONIA LUZ LEBRÓN CRUZ, T/C/C SONIA LEBRÓN CRUZ, T/C/C/ SONIA L. LEBRÓN CRUZ. T/C/C SONIA LUZ LEBRÓN; Y A LOS ESTADOS UNIDOS DE AMÉRICA<br><br>Parte Peticionaria | TA2026CE00175 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2021CV02989<br><br>Sala: 506<br><br>Sobre: Ejecución de Hipoteca *In Rem* |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Compareció ante este Tribunal la parte peticionaria, Sra. Sonia Luz Lebrón Cruz (en adelante, la "señora Lebrón Cruz" o "Peticionaria"), mediante recurso de *certiorari* presentado el 16 de febrero de 2026. Nos solicitó la revocación de la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI") el 23 de diciembre de 2025. A través del referido dictamen, el TPI declaró "No Ha Lugar" la "**Moción de Relevo de Representación Legal**" interpuesta por el Lcdo. José F. Gierbolini Bonilla (en adelante, "Lcdo. Gierbolini Bonilla").

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**I.**

El caso de epígrafe tuvo su origen el 2 de agosto de 2021, con la presentación de una "**Demanda**" por parte de Reverse Mortgage Solutions

Inc. (en adelante, "Reverse") en contra de la señora Lebrón Cruz sobre ejecución de hipoteca *in rem*. En síntesis, alegó que, el 1 de noviembre de 2010, la Peticionaria obtuvo de la entidad financiera Urban Financial Group un préstamo hipotecario identificado con el núm. FHA 501-8122798-951, garantizado por una hipoteca revertida por la suma de $502,500.00 con intereses al 5.56% anual, más el pago de costas, gastos y desembolsos de litigio. Especificó que la referida hipoteca grava determinada propiedad ubicada en la Urbanización San Patricio, también conocida como Golden Gate, en el Municipio de Guaynabo, Puerto Rico. Señaló que dicha propiedad se encuentra sujeta a un gravamen posterior mediante hipoteca en garantía de un pagaré a favor del Secretario de la Vivienda y Desarrollo Urbano, o a su orden, también por la suma de $502,500.00 con intereses al 5.560% anual y vencimiento el 12 de julio de 2096.

Asimismo, afirmó que la señora Lebrón Cruz le adeuda la suma vencida, líquida y exigible de $186, 524.00 sin incluir los intereses, los cuales continúan acumulándose hasta su pago total. Resaltó, además, que le ha requerido a la Peticionaria evidencia del cumplimiento con los términos y condiciones de la hipoteca revertida pero que dichos intentos han resultado infructuosos. En vista de lo anterior, le solicitó al Tribunal que ordene el pago de las sumas anteriormente mencionadas y que, de no cumplir con dicha obligación, el bien inmueble hipotecado sea vendido en pública subasta.

Tras múltiples trámites procesales impertinentes a la controversia de autos, el 3 de enero de 2022, el foro de instancia dictó *Sentencia en Rebeldía Enmendada* mediante la cual declaró "Ha Lugar" la "**Demanda**", ordenando la ejecución de la hipoteca en cuestión. Así pues, ordenó a la señora Lebrón Cruz a satisfacer las siguientes cantidades: (1) $186,524.00 por concepto de balance principal del préstamo con interés al 5.560% anual, el cual asciende a la cantidad de $387,690.69 a la fecha de 18 de enero de 2022 y continua acumulándose hasta su pago; (2) la cantidad líquida estipulada en los documentos del préstamo para costas, gastos y honorarios de abogado en caso de reclamación judicial y que correspondan a intereses

y cargos por demora posterior a dicha fecha y (3) la suma equivalente al 10% de la suma principal original pactada. Igualmente, dispuso el procedimiento a llevarse a cabo para la venta en pública subasta de la referida propiedad. Dicha *Sentencia* fue enmendada el 22 de febrero de 2022 a los fines de aclarar que el crédito fue cedido de Reverse a Cascade Funding Mortgage Trust HB2 (en adelante, "Cascade" o "Recurrida").

Así las cosas, el 3 de agosto de 2023, la señora Lebrón Cruz presentó una moción intitulada "**Urgente Moción Asumiendo Representación Legal, en Solicitud de Nulidad de Sentencia y Para que se Deje sin Efecto el Lanzamiento Pautado para el 10 de agosto de 2023 en este Caso**" en la que, entre otras cosas, el Lcdo. Gierbolini Bonilla solicitó autorización para fungir como representante legal de la Peticionaria. Al día siguiente, el TPI declaró "Ha Lugar" la *Solicitud de Representación Legal.* Más adelante, la Peticionaria presentó una "**Moción de Sentencia Sumaria por Admisión de Parte a Favor de la Parte Demandada Objeto de Estos Procedimientos**", la cual fue declarada "No Ha Lugar" el 12 de marzo de 2024.

Posteriormente, el 14 de noviembre de 2024, el Lcdo. Gierbolini Bonilla presentó una "**Moción de Relevo de Representación Legal**", la cual fue declarada "Ha Lugar" el 25 de noviembre de 2025. Más adelante, la señora Lebrón Cruz acudió ante este Tribunal de Apelaciones aduciendo que el foro primario debió haber declarado "Ha Lugar" las *Mociones de Sentencia Sumaria y de Relevo de Sentencia* que presentó. El 5 de febrero de 2025, un panel hermano de este Tribunal emitió una *Resolución* en la que concluyó que correspondía la celebración de una vista evidenciaría para que el foro *a quo* pudiera determinar si posee jurisdicción sobre la Peticionaria. Así pues, denegó el recurso de *certiorari* presentado por la señora Lebrón Cruz. Inconforme con dicha determinación, la Peticionaria presentó un recurso de *certiorari* ante el Tribunal Supremo, el cual fue declarado "No Ha Lugar" el 11 de octubre de 2024.

En este contexto, el 12 de febrero de 2025, Cascade presentó una "**Moción Solicitando Resolución y Lanzamiento**". El 28 de febrero de

2025, el TPI emitió *Resolución* declarando "No Ha Lugar" la "**Solicitud de Relevo de Sentencia**". El 12 de marzo de 2025, el Lcdo. Gierbolini Bonilla presentó una "**Moción Asumiendo Representación Legal y Sobre Intención de Oponerse**" mediante la cual solicitó autorización para representar a la señora Lebrón Cruz nuevamente. El 14 de marzo de 2025, la Peticionaria presentó una "**Moción de Reconsideración de Resolución Interlocutoria**". El 19 de marzo de 2025, el foro de instancia declaró "Ha Lugar" la *Petición de Representación Legal* y rechazó la *Solicitud de Reconsideración*.

Insatisfecho con lo anterior, la Peticionaria acudió nuevamente ante este Tribunal Intermedio mediante recurso de *certiorari*. El 6 de agosto de 2025, un panel hermano de este Tribunal emitió *Sentencia* revocando el dictamen recurrido. En particular, determinó que el foro de instancia no debió declarar "No Ha Lugar" la *Solicitud de Relevo de Sentencia* sin antes haber celebrado una vista evidenciaría al respecto, tal como se había ordenado. Igualmente, concluyó que el asunto jurisdiccional planteado merecía explorar otras avenidas procesales menos onerosas para lograr la celebración de la vista, tales como la imposición de sanciones económicas.

El 21 de diciembre de 2025, el Lcdo. Gierbolini Bonilla presentó una "**Moción de Relevo de Representación Legal**", la cual fue declarada "No Ha Lugar" el 23 de diciembre de 2025. Inconforme con lo anterior, el Lcdo. Gierbolini Bonilla presentó una "**Reconsideración**" mediante la cual destacó que existen circunstancias extraordinarias, éticas y procesales que hacen insostenible la continuación de la representación legal de la señora Lebrón Cruz. Adujo que la Peticionaria no responde llamadas telefónicas, correos electrónicos ni correspondencia postal. Expresó que la ausencia de comunicación lo ha colocado en una posición materialmente imposible de cumplir con los deberes profesionales que dispone el Código de Ética Profesional. Finalmente, el 15 de enero de 2026, el TPI emitió una *Resolución Interlocutoria* en la que declaró "No Ha Lugar" la referida "**Reconsideración**". En detalle, determinó que ambas partes podrían verse seriamente lesionadas, toda vez que existe una *Sentencia* desde el 2022

que no ha podido ejecutarse y que existe una *Moción de Nulidad de Sentencia* pendiente a resolver.

Aun inconforme con lo anterior, la representación legal de la Peticionaria presentó el recurso que nos ocupa, mediante el cual le imputó al TPI la comisión de los siguientes errores:

**A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DENEGAR LA MOCIÓN DE RELEVO DE REPRESENTACIÓN LEGAL DEL ABOGADO SUCRIBIENTE (LCDO. GIERBOLINI) EN CUANTO A LA PARTE RECURRENTE, PORQUE HAY ALTERNATIVAS PARA IMPEDIR QUE SE LESIONEN LOS DERECHOS E INTERESES DE DICHA PARTE.**

**B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN DEL ABOGADO SUSCRIBIENTE (LCDO. GIERBOLINI), EN LA QUE SOLICITÓ SU INTERÉS LEGÍTIMO, VÁLIDO DE NO FUNGIR MÁS COMO REPRESENTANTE LEGAL DE LA PARTE RECURRENTE, PORQUE LA ÚLTIMA HA DEJADO DE COLABORAR DE TODA FORMA CON EL ABOGADO SUSCRIBIENTE EN LO QUE CONCIERNE A SU DEFENSA Y HA CERRADO LOS CANALES DE COMUNICACIÓN CON DICHO ABOGADO.**

## II.

### A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 207 (2023). Así, este solo se expedirá luego de justipreciar los criterios establecidos en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, y en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de desempeñar prudentemente nuestra facultad discrecional, es imprescindible acudir a lo que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). La norma antes citada adquiere mayor importancia en aquellas situaciones donde los medios alternativos de revisión de determinaciones no están disponibles. Íd. Por ello, la referida Regla indica que los criterios que se deben evaluar son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

A diferencia del recurso de apelación, el auto de *certiorari*, por ser este uno discrecional, debe emplearse con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). Con relación a esto, el Tribunal Supremo de Puerto Rico ha señalado en numerosas ocasiones que, en definición, el concepto de *discreción* significa tener poder para decidir en una u otra forma. Es decir, escoger entre uno o varios cursos de

acción. <u>García v. Padró</u>, 165 DPR 324, 334 (2005). El concepto de *discreción* también ha sido definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". <u>Banco Popular de Puerto Rico v. Gómez Alayon</u>, *supra*, pág. 13. Dicho de otro modo, el ejercicio apropiado de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". <u>Pueblo v. Ortega Santiago</u>, 125 DPR 203, 211 (1990). De esta manera, un foro apelativo no se interpondrá en las decisiones del foro sentenciador, a menos que dichas decisiones sean arbitrarias o en abuso de su discreción. <u>SLG Flores, Jiménez v. Colberg</u>, 173 DPR 843 (2008).

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Orden* del TPI en la que se declaró "No Ha Lugar" la "**Moción de Relevo de Representación Legal**" interpuesta por el Lcdo. Gierbolini Bonilla.

Los señalamientos de error esgrimidos están íntimamente relacionados, por lo que se tratarán de forma conjunta en la discusión. En síntesis, el Lcdo. Gierbolini Bonilla sostiene que el TPI abusó de su discreción al denegar la "**Moción de Relevo de Representación Legal**" y su correspondiente "**Reconsideración**", ya que existen alternativas menos onerosas para impedir que se lesionen los derechos e intereses de las partes.

Tras la evaluación exhaustiva de los documentos que obran en el legajo apelativo, al igual que los autos electrónicos del foro recurrido, encontramos que el foro *a quo* no indicó ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Lcdo. Gierbolini Bonilla demostró que el TPI hubiera actuado con perjuicio o cometiera un error manifiesto en su determinación.

Ello cobra particular vigencia en el presente caso, toda vez que el mismo se inició en el año 2021 y cuenta con *Sentencia* final y firme desde el año 2022. En ese contexto, acceder a la referida *Solicitud de Renuncia*

*de Representación Legal* conllevaría un perjuicio significativo a los derechos e intereses de ambas partes.

En primer lugar, Cascade posee una *Sentencia* favorable desde el año 2022 que, al día de hoy, no ha podido ejecutar, por lo que cualquier dilación adicional afectaría de manera sustancial su derecho a hacerla efectiva. De igual modo, la señora Lebrón Cruz también podría verse gravemente afectada, toda vez que se encuentra pendiente de adjudicación una *Moción de Nulidad de Sentencia*, cuya eventual determinación de "No Ha Lugar" implicaría el lanzamiento de la propiedad. En consecuencia, conceder la aludida renuncia no solo retrasaría injustificada e indebidamente el curso normal del proceso judicial, sino que además lesionaría los derechos de las partes y atentaría contra los principios de economía procesal y pronta adjudicación de los casos.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la *Orden* recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de certiorari, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *denegamos* la expedición del auto de *certiorari* ante nos y de conformidad a lo dispuesto en la Regla 84(E) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 84(E) 4 LPRA Ap. XXII-B, relevamos al TPI de recibir el mandato para continuar con los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones